THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MORRIS A. PRAVDA, Appellant.

Court of Special Sessions of the City of New York, Appellate Part, First Department, March 23, 1949.

Samuel Sutro and S. Robert Putterman for appellant.

Miles F. McDonald, District Attorney (David Diamond of counsel), for respondent.

Per Curiam. The appellant is charged with a violation of subdivision 8 of section 722 of the Penal Law. He was arraigned in Brooklyn-Queens City Magistrate's Night Court and pleaded guilty. He was remanded for investigation and sentence to the Probation Court of the City Magistrate's Court. At the time he pleaded guilty, the defendant was not represented by counsel.

On the date of sentence, the Chief City Magistrate, who had not been the Magistrate who accepted the plea of guilty, presided in the Probation Court. The defendant appeared by an attorney who made an application at that time for permission to withdraw the defendant's plea of guilty, to enter a plea of not guilty and to fix a date for trial. The Chief City Magistrate, instead of referring the motion to the City Magistrate who accepted the plea of guilty, proceeded to entertain the application and requested counsel for the defendant to enter into the following unusual stipulation:

" The Court: This is a motion to withdraw the plea of guilty and change it to not guilty.

" By stipulation, testimony is to be taken upon the motion. If the Court finds sufficient testimony to find the defendant not guilty, the motion will be granted and the complaint dismissed. On the other hand, upon the testimony, if the Court would have found the defendant guilty, the motion is to be denied."

The effect of the stipulation dictated by the Chief City Magistrate was to predicate the granting or denial of the defendant's

application to withdraw his plea of guilty upon his belief of the defendant's guilt or innocence. Counsel for the defendant consented to this very unusual stipulation.

The complaining police officer and the defendant both testified. The Chief City Magistrate also accepted letters of recommendation concerning the character of the defendant, and said he would give them consideration. The defendant testified concerning the circumstances surrounding his plea of guilty. He testified that on the way to the Night Court, the police officer informed him that if he pleaded guilty he could go home that night; that while waiting in the courtroom for his case to be called, he heard the City Magistrate " explain to someone in a previous case, if you plead guilty, he could take action there, and if you plead not guilty he had to hold you until the following morning "; that he pleaded guilty because if he did not go home that night, his family would be worried; that after he pleaded guilty and was remanded for sentence, at his request the police officer told the City Magistrate that the defendant did not wish to plead guilty. This testimony remained uncontradicted in the record. At the conclusion of the hearing, the Chief City Magistrate in refusing to permit a change of the plea said, " No, I think I will deny the motion and I will deny the plea on the evidence." This decision amounts to a finding that he was denying the motion to withdraw a plea of guilty because the defendant, he believed, was guilty.

The charge against the defendant involved a serious offense. He was entitled to a trial with the usual safeguards and with due process of law. Proper and fair procedure should have persuaded the Chief City Magistrate to refer the motion to withdraw the plea of guilty to the City Magistrate who accepted the plea. Such an application involves only an inquiry into the circumstances under which the plea of guilty was made. If a defendant not represented by counsel had entered a plea of guilty under coercion, duress or under misconception or mistake, his application for leave to withdraw his plea should have been granted. However, to base the granting or denial of such an application on the guilt or innocence of the defendant, and taking testimony upon that issue, is not only improper for the reasons stated above, but also has the effect of reviewing as an appellate tribunal the judicial act of the regularly assigned Magistrate in taking the plea of guilty. Such a practice does not receive the approval of this court.

We find that the circumstances surrounding the taking of the plea of guilty of the defendant warranted the exercise of the

discretion to grant the motion to withdraw the plea of guilty. In addition, the evidence heard by the Chief City Magistrate presents issues which, in all justice, should be determined upon a trial. .

Accordingly, the plea of guilty is set aside and a plea of not guilty is entered and the case remanded to the City Magistrate's Court for trial.

DE LUCA, Ch. J., BURLINGAME and PERLMAN, JJ., concur.

Ordered accordingly.